You may proceed. BARBARA STRICKLAND Thank you, Your Honor. Good morning. May it please the Court, I'm Barbara Strickland. On behalf of my client, Rodolfo Pedroza-Padilla, I'd like to thank you for the opportunity of addressing you. I'd like to focus on two issues. The first would be estoppel. The second, this case as an appeal from the denial of Mr. Pedroza's legalization application. RODOLFO PEDROZA-PADILLA May I just ask you a question about that? Where are we on that at this point? I have the impression from what I've seen in the case file that there's no final disposition of that. Is that correct or not? BARBARA STRICKLAND There's a related or sort of parallel proceeding in the litigation with respect to Proyecto San Pablo, if that's what the Court is referring to. It's not really part of our record, which was very awkward. I have inquired of the counsel involved in that case, and I can indicate that. RODOLFO PEDROZA-PADILLA But do we have jurisdiction over the legalization application matter as such or not? BARBARA STRICKLAND Well, it's clear from this Court's ruling in the Guzman-Andrade case that the Court does have jurisdiction over an appeal of a legalization denial. Therefore, my argument would be that this Court does have jurisdiction to look at the specifics of the denial in this case. The Proyecto San Pablo is a ---- RODOLFO PEDROZA-PADILLA Okay. Well, we're not talking about the December 31st, 1997 denial. We're talking about a current denial, are we not? BARBARA STRICKLAND Well, the legalization application was never at issue in the proceedings below before the Immigration Court or before the BIA. There was an attempt to request a sua sponte reopening for ---- on behalf of Mr. Pedroza, but the uncomfortable thing about this whole case is it just wasn't possible to do that under the legalization statute. This Court has exclusive appellate jurisdiction over a legalization denial. So in a ---- The legalization unit issued a denial in this case in 1997. RODOLFO PEDROZA-PADILLA And hasn't there been a subsequent proceeding? BARBARA STRICKLAND There was a request to reopen the case that was done parallel to this proceeding, and my information from the counsel involving in that request is that it was denied. RODOLFO PEDROZA-PADILLA Okay. But if that's been denied, that denial is not before us in this appeal, is it? BARBARA STRICKLAND I'm not sure how we could bring that denial before this Court because the ---- both under Guzman-Andrade and the structure of the statute, it says that the exclusive jurisdiction is on an appeal from an order of deportation or now removal. So we'd have to cycle back through the whole proceeding and ---- RODOLFO PEDROZA-PADILLA Do you know whether any appeal was filed in that case? You have an order of deportation in this case. BARBARA STRICKLAND Correct, Your Honor. RODOLFO PEDROZA-PADILLA So couldn't this case have served for a vehicle to review the action by the legalization unit, by the LAU? BARBARA STRICKLAND With respect to bringing it before the immigration judge or before the BIA, the attempt was made to request it be ---- there was a motion for a sua sponte review, which was done by my predecessor, Mr. Behar. I don't believe that the way that there's anything that would have allowed that to be presented to the immigration judge, which is why, in a sense, there's no record other than parts of the legal ---- the first legalization decision. RODOLFO PEDROZA-PADILLA It sounds to me, then, we can't get to that issue. In other words, the legalization application denial is not in this case now, as you've described it, at least. BARBARA STRICKLAND Well, my ---- in a sense, my ---- you're getting to my conclusion. I think this case should be remanded to what is now the AAU in order for it to determine whether or not we have a proper ---- a proper denial of Mr. Pedroza's legalization applications. There are some problems with that denial that I believe do not meet the substantive evidence test. They refer to lack of evidence that he left the country, which is contradicted by the very order to show cause that was issued in this case. So that is a problem with the legalization denial. RODOLFO PEDROZA-PADILLA Let me ask you this question. Is the denial of his legalization application, the recent one, not December 3197, the recent one, which you referred to, is that in the record of this case? BARBARA STRICKLAND No, Your Honor. And that is one of the reasons that the government said, well, we didn't say what was done. But it's simply not in our record. And I don't know what ---- how to solve that problem. There was no opportunity either in immigration court or before the Board of Immigration Appeals to raise that issue, because as this Court found in Guzman-Andrade, this Court has exclusive jurisdiction over appeals from denials by the then-legalization appeals unit. So I ---- if this ---- RODOLFO PEDROZA-PADILLA I want to be very clear. So I heard you ask the suggestion that what you needed to do, what you need to want to ask us to do is to remand to, did you say the LAU or did you say the AAU? BARBARA STRICKLAND Well, the LAU is now ---- RODOLFO PEDROZA-PADILLA Now known as the AAU. BARBARA STRICKLAND And that is ---- RODOLFO PEDROZA-PADILLA What would ---- what purpose would be served by doing that? And how much of this appeal do you want sent to that unit? BARBARA STRICKLAND Well, the purpose that would be served of doing that would be to have Mr. Andrade's, Mr. Pedroza's case determined on the evidence, on the entire record. The one concern by the ---- in Guzman-Andrade, one of the judges observed, well, if the case didn't come from the AAU, how can we remand it to the AAU? They thought it should be remanded to the Board of Immigration Appeals. And I really don't know the solution to that question that was raised. RODOLFO PEDROZA-PADILLA Why would we remand it to the AAU? What purpose would be served by doing that? You said to decide the case on the whole record, but we have questions of termination of proceedings and suspension of deportation, which seem to be completely different issues from the legalization question. BARBARA STRICKLAND I agree, Your Honor. Those are different issues. If this Court does nothing, then Mr. Pedroza is subject to a final order that he can be removed from this country, and his rights under this whole parallel Proyecto San Pablo litigation I think would be in jeopardy. RODOLFO PEDROZA-PADILLA Once he's subject to that final order, can you then appeal the action by the Legalization Unit? BARBARA STRICKLAND If he would have to be, I guess, put into deportation proceedings, it's not clear to me. I don't think there's any law that clearly says what the procedure is. What the law clearly says is that this Court has exclusive jurisdiction over a denial, and we have a denial that's in this record. What we don't have is the second denial that is in this record, that is not in this record, and that is my information arose after this case was already before this Court. Scalia. You would agree, would you not, that the December 31, 1997 denial is moot? That's not relevant anymore. It's been superseded. BARBARA STRICKLAND I'm not sure that I agree with that. My understanding is that it was there was a request to reopen the case which was denied.  This has been placed on the record after this one December, 1997, denial. JUDGE SCHROEDER You want to set an oath for rebuttal? BARBARA STRICKLAND Yes, Your Honor, thank you. Good morning, Your Honors, I'm Erica Miles for the United States. This petition for review should be denied on all accounts, and I would like to begin by clarifying some of the procedural questions you've had. I spoke with the Department of Homeland Security, Citizenship and Immigration Services. This most recent application for legalization, which was reopened, was denied in finality by the AAO, Administrative Appeals Office, on May 12, 2005. So there has been an administrative appeal, and it was final in May of 2005. Sotomayor, what is there to stop us from entertaining a review of that particular denial? Well, at this juncture, counsel has not raised this before the Court whatsoever at this point. It has been over a year since that decision was made. She could have written in a 28-J letter and attached that decision for this Court's to review it, but she did not do so. She has now waived. But as I understand, her dilemma is she doesn't think that she can, because the only way that she can get the legalization decision reviewed is if there's an order of deportation, which there wasn't. There is an order of deportation. That's what's on review before you right now. Well, there is now. So what should counsel have done here? She could have, in her motion for a 28-J letter, doesn't it... In her motion for a statement... She could have filed another petition for review or request that the Court consider this, because it's not exactly clear under IRCA what the case... But I thought our jurisdiction over denials of legalization was intertwined with a review of the removal order, the order of final deportation. Correct. Isn't that jurisdictional description set out? It is set out. I don't think this type of situation was contemplated, given the fact that this pro-acto class-action litigation was pending, not contemplating the fact that other people then would be in lengthy deportation proceedings pursuing other forms of relief in the progress, in the process. As you're aware, his initial application was denied in 1997. It was then reopened because of the district court proceedings under pro-acto and given a second review. And he was in deportation proceedings. So the argument would be that his initial deportation proceedings and the order of deportation is in conjunction with this reopened legalization application in which we now have a final order from the AAO in 2005. Well, with respect to that final order, May 1205, which you just referred to... Yes. ...is there a way of getting that into the record of this case so that we can review it? I would argue that today, no. I would argue that maybe a year ago or even within a few months of that decision, perhaps, but it's been over one year since that decision was made, and Petitioner Council did not make any attempt whatsoever to get this issue before the court. She has not provided even any basis for review. She's not provided any argument as to why the AAO's denial was even legally incorrect in the first place. There's no argument before us, no prayer for relief on that application whatsoever. And the government has not had an opportunity to even respond, then, to her request for review. And so the government will contend that she has completely waived review of that 2005 denial of the legalization application. As for her argument, which she didn't really address in thoroughly, but she said her first issue was equitable estoppel here. With respect to the application for suspension of removal or, excuse me, suspension of deportation, which was a former form of relief, the stop time rule precludes Petitioner from demonstrating statutory eligibility. He entered in 1986. He was issued his order to show cause in 1986. He wasn't even here for a year. He needed to show seven years of continuous physical presence because the law did change while his proceedings were pending. His argument that during this administrative closure period, while he was pursuing his legalization application, this period was between 1986 and 2000, proceedings were still pending. Administrative closure is just an administrative convenience. It temporarily takes it off the Court's docket. But we still, once it was recalendered, it was the same charging document, same charges of removability. He's been in proceedings all along. And during that time, once seven years did elapse, he didn't even try to apply for suspension of deportation in 1993, 94, 95, 96, 97, when the law changed. He didn't even try. There was no detrimental reliance whatsoever on the availability of this form of relief. He was never available in 1986 through 1993, and he's asking that the Court permit him a six-year delay, which is a delay of his choosing, but not a delay up until his proceedings were recalendered in 2000. And that just doesn't seem to make a whole lot of sense here. Thank you. Let's go ahead and let the Court rebuttal. Your Honor, with respect to this May 12th, 2005, denial that the government referred to, it's very clear that Mr. Pettit's claim that there was a delay of his not have brought another petition for review because there's no new order of deportation. He could not have moved to the court. But you have an order of deportation now, which is what you're appealing. Why didn't you at least file some kind of notice of appeal? And then when it appeared that we would dismiss it, urge its consolidation with this case so that you could get everything before us in one case. There's no notice. There's no direct notice of appeal from that decision to this Court. It must come through the deportation order. And if it could have been erased by a 28J letter, perhaps we were remiss in not doing that, but I don't think that that constitutes waiving the argument. And, in fact, the government did not. But you may have waived your appeal. It's now been 15 months since they issued that decision, and no – there were no steps taken to try to preserve any right of appeal there. My understanding is that that is included in the Proyecto San Pablo litigation, which is still ongoing. The class counsel has indicated that there is a motion pending before the district court to require the government to comply with the order in the sense of they are not adjudicating the waiver petitions as was required by the judgment. They are not providing copies of the underlying order of deportation, which is one of the problems in this case. The AAU says you're not eligible because you have this prior deportation, and yet it's not a part of the record. That we are arguing is one of the problems with the substantive evidence supporting the LAU's decision. The government did not address the legalization issue at all in their brief in this particular case. Well, there isn't anything before us for them to address. It was an issue that we raised as one of the issues on this appeal. With respect to Estoppel, I don't think that you have a case where Mr. De Rosa has This case was administratively closed by agreement of the government in 1986. His legalization application wasn't denied until 1997, 11 years later. The government did not move to reopen the case until more than two years after that. I believe that the delay in this case is attributable to the government, not to Mr. Pedroza. Counsel, I'm looking at the blue brief, your brief. There was no responsive brief. That's correct. Could you point to me where in your blue brief the issue of the denial of legalization has been preserved? Yes, Your Honor. We raised that. I believe it was one of the first issues that we raised, that the Court has exclusive jurisdiction to review the amnesty denial. That was raised at page 10 of our brief. But you don't mention the December 05. Of course, that was pre-December 05. I see what you're saying. This brief was filed on December 17, 2004. It's almost two years ago. The denial did not occur until May 12, 05, and you didn't file a supplemental brief or anything with respect to review of the amnesty? No, Your Honor, and partly because of the fact that that is a part of this Proyecto San Pablo case, and if anything, it would seem to me that that information is more available to the government than it is to me. I don't even have a copy of that decision that was referred to. So I don't think that that is an important issue. Did you represent Mr. Pedrosa in that, in his legalization claim? So he is a separate lawyer for that? Yes, Your Honor. Is that part of this Proyecto effort? Well, there's a class counsel, and that's Robert Powell, and Mr. Pedrosa had a Mr. Behar, who represented him in immigration court, took over the application to reopen the proceedings. I spoke to Mr. Behar yesterday to get an update on this, and it was my understanding from what Mr. Behar told me was that it was a motion to reopen that had been denied. And that's the best information that I have. Okay. Thank you. Thank you. The case is argued and will stand submitted.
judges: Kozinski, O'scannlain, Bybee